**SARAH AMES BENEDICT, OSB #132675**
sarahbenedict@dwt.com
**JANDEE WALLIS, OSB #244454**
jandeewallis@dwt.com
**DAVIS WRIGHT TREMAINE LLP**
560 SW 10th Avenue, Suite 700
Portland, Oregon 97205
Telephone:  (503) 241-2300
Facsimile:  (503) 778-5299

        Attorneys for Defendant
        ADIDAS INTERNATIONAL, INC.

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| MEGAN WOOD,<br><br>                    Plaintiff,<br><br>        v.<br><br>ADIDAS INTERNATIONAL, INC.,<br><br>                    Defendant. | Case No. 3:25-CV-01199-MO<br><br>**DEFENDANT'S ANSWER AND DEFENSES TO FIRST AMENDED COMPLAINT** |

        For its answer to Plaintiff's First Amended Complaint, Defendant adidas International,

Inc.[1] ("adidas" or "Defendant") admits, denies and alleges as follows:

### NATURE OF THE ACTION

        1.        In response to Paragraph 1, the allegations in that paragraph contain a summary of

the legal action to which no response is required.  To the extent further response is required,

adidas admits Plaintiff's First Amended Complaint alleges claims based on disability

---

[1] Defendant spells its name using a lowercase "a" and that convention is followed throughout
this Answer.

4923-4967-4068v.3 0069008-000004

DAVIS WRIGHT TREMAINE LLP
560 SW 10th Avenue, Suite 700
Portland, Oregon 97205
(503) 241-2300 main · (503) 778-5299 fax

discrimination, protected medical leave interference and retaliation, and wrongful discharge, but denies that Plaintiff's claims have validity or that Plaintiff is entitled to any relief under such laws.

2.      In response to Paragraph 2, the allegations in that paragraph contain legal conclusions to which no response is required.  To the extent further response is required, adidas admits Plaintiff was employed at its United States headquarters located in Portland, Oregon. Except as expressly admitted, adidas denies all remaining allegations in Paragraph 2.

## PARTIES

3.      In response to Paragraph 3, adidas admits it employed Plaintiff, a person, from January of 2018 until March 8, 2024, and that they worked at its United States headquarters in Portland, Oregon.  Except as expressly admitted, adidas denies all remaining allegations in Paragraph 3.

4.      In response to Paragraph 4, that paragraph contains statements regarding jurisdiction requiring no response.  To the extent further response is required, adidas admits it is registered as a domestic business corporation in the State of Oregon with a principal place of business at 5055 N. Greeley Avenue, Portland, Oregon 97217, and that it was an employer during Plaintiff's employment.  Except as expressly admitted, adidas denies all remaining allegations in Paragraph 4.

## FACTUAL ALLEGATIONS COMMON TO MULTIPLE CLAIMS

5.      In response to Paragraph 5, adidas admits it sent Plaintiff an offer letter dated January 12, 2018, which Plaintiff signed on January 15, 2018, and that Plaintiff began work on or around January 29, 2018 with the job title "Manager Materials Development Apparel – Training."  Except as expressly admitted, adidas denies all remaining allegations in Paragraph 5.

6.      In response to Paragraph 6, adidas admits Plaintiff joined the Future team in or around April 2019 with the job title "Manager Future – Apparel Developer" and that Trudy

4923-4967-4068v.3 0069008-000004

DAVIS WRIGHT TREMAINE LLP
560 SW 10th Avenue, Suite 700
Portland, Oregon 97205
(503) 241-2300 main · (503) 778-5299 fax

Watson became Plaintiff's line manager.  Except as expressly admitted, adidas denies all remaining allegations in Paragraph 6.

7.      In response to Paragraph 7, adidas admits the Advanced Concepts and Future teams were combined in or around August 2021 and were then referred to as adidas Innovation. Except as expressly admitted, adidas denies all remaining allegations in Paragraph 7.

8.      In response to Paragraph 8, adidas admits that Beatrice Fuller became Plaintiff's manager but denies that occurred in December 2021.  Except as expressly admitted, adidas denies all remaining allegations in Paragraph 8.

9.      In response to Paragraph 9, adidas admits that, as part of the creation of adidas Innovation in or around August 2021, Plaintiff was moved to a new role with the job title "Apparel Innovation Manager – Credibility Concepts."  Except as expressly admitted, adidas denies all remaining allegations in Paragraph 9.

10.     In response to Paragraph 10, adidas admits it hired Tom Waller as Senior Vice President of Innovation in or around January 2022.  Except as expressly admitted, adidas denies all remaining allegations in Paragraph 10.

11.     In response to Paragraph 11, adidas lacks knowledge and information sufficient to form a belief as to the truth of the allegations related to Plaintiff's alleged veteran status, disabilities, or injuries and therefore denies all remaining allegations in Paragraph 11.

12.     In response to Paragraph 12, adidas admits Plaintiff told Fuller that they were a Veteran and experienced a "learning disability."  Except as expressly admitted, adidas denies all remaining allegations in Paragraph 12.

13.     In response to Paragraph 13, adidas lacks knowledge and information sufficient to form a belief as to the truth of the allegations related to Plaintiff's alleged injuries and on that basis denies the same.

14.     In response to the first and second sentences of Paragraph 14, adidas admits that Plaintiff informed Fuller that they were impacted by a "learning disability."  Except as expressly

4923-4967-4068v.3 0069008-000004

DAVIS WRIGHT TREMAINE LLP
560 SW 10th Avenue, Suite 700
Portland, Oregon 97205
(503) 241-2300 main · (503) 778-5299 fax

admitted, adidas denies all remaining allegations in Paragraph 14.

15. In response to Paragraph 15, adidas admits that Fuller informed all members of her team that adidas offered a LinkedIn Learning account for free and encouraged them to use it. Except as expressly admitted, adidas denies all remaining allegations in Paragraph 15.

16. In response to Paragraph 16, adidas lacks knowledge and information sufficient to form a belief as to the truth of the allegations in that paragraph and on that basis denies the same.

17. In response to Paragraph 17, adidas lacks knowledge and information sufficient to form a belief as to the truth of the allegations in that paragraph and on that basis denies the same.

18. In response to Paragraph 18, adidas admits that Plaintiff requested an updated job description on more than one occasion. Answering further, adidas admits that, at that time of her requests, the job description had not yet been finalized. Except as expressly admitted, adidas denies all remaining allegations in Paragraph 18.

19. adidas denies the allegations in Paragraph 19.

20. In response to Paragraph 20, adidas lacks knowledge and information sufficient to form a belief as to the truth of the allegations in that paragraph and on that basis denies the same.

21. adidas admits the allegations in Paragraph 21.

22. adidas denies the allegations in Paragraph 22.

23. In response to Paragraph 23, adidas lacks knowledge and information sufficient to form a belief as to the truth of the allegations in that paragraph and on that basis denies the same.

24. In response to the first sentence of Paragraph 24, adidas lacks knowledge and information sufficient to form a belief as to the truth of the allegations in that sentence and on that basis denies the same. In response to the second and third sentences of Paragraph 24, adidas admits Plaintiff requested approval to use adidas' "work from anywhere" program and was given approval. Except as expressly admitted, adidas denies all remaining allegations in Paragraph 24.

4923-4967-4068v.3 0069008-000004

DAVIS WRIGHT TREMAINE LLP
560 SW 10th Avenue, Suite 700
Portland, Oregon 97205
(503) 241-2300 main · (503) 778-5299 fax

25.    In response to the first sentence of Paragraph 25, adidas admits the allegations in that sentence.  Except as expressly admitted, adidas denies all remaining allegations in Paragraph 25.

26.    In response to the first sentence of Paragraph 26, adidas admits that Plaintiff sent an email to adidas' benefits department, which speaks for itself.  Except as expressly admitted, adidas denies all remaining allegations in Paragraph 26.

27.    In response to the first sentence of Paragraph 27, adidas lacks knowledge and information sufficient to form a belief as to the truth of the allegations in that sentence and on that basis denies the same.  In response to the second sentence of Paragraph 27, adidas admits Plaintiff met with Fuller soon after Plaintiff submitted a Leave of Absence Request and Fuller encouraged Plaintiff to go to Texas.  Except as expressly admitted, adidas denies all remaining allegations in Paragraph 27.

28.    In response to Paragraph 28, adidas lacks knowledge and information sufficient to form a belief as to the truth of the allegations related to who Plaintiff met with or what they discussed with them and on that basis denies the same.

29.    In response to Paragraph 29, adidas admits Plaintiff took leave from November 1, 2023, through December 1, 2023, and additional Flexible Time Off from December 11, 2023, through December 21, 2023.  Except as expressly admitted, adidas denies all remaining allegations in Paragraph 29.

30.    In response to the first sentence of Paragraph 30, adidas admits the allegations in that sentence.  In response to the second sentence of Paragraph 30, adidas lacks knowledge and information sufficient to form a belief as to the truth of the allegations in that sentence and on that basis denies the same.  In response to the third sentence of Paragraph 30, adidas admits Fuller informed Plaintiff that Plaintiff would be working on one project going forward.  Except as expressly admitted, adidas denies all remaining allegations in Paragraph 30.

31.    adidas denies the allegations in Paragraph 31.

4923-4967-4068v.3 0069008-000004

DAVIS WRIGHT TREMAINE LLP
560 SW 10th Avenue, Suite 700
Portland, Oregon 97205
(503) 241-2300 main · (503) 778-5299 fax

32.     adidas denies the allegations in Paragraph 32.

33.     In response to Paragraph 33, adidas lacks knowledge and information sufficient to form a belief as to the truth of the allegations in that paragraph and on that basis denies the same.

34.     In response to Paragraph 34, adidas denies that Plaintiff was "on track to meet all objectives."  adidas lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 34 and on that basis denies the same.

35.     In response to the first sentence of Paragraph 35, adidas admits that it, acting through Fuller, notified Plaintiff on March 4, 2024 that their employment would be terminated effective March 8, 2024.  Except as expressly admitted, adidas denies all remaining allegations in Paragraph 35.

36.     In response to Paragraph 36, that paragraph contains legal conclusions to which no response is required.  To the extent further response is required, adidas denies.

37.     adidas denies the allegations in Paragraph 37.

38.     adidas denies the allegations in Paragraph 38.

39.     In response to Paragraph 39, adidas admits Plaintiff's First Amended Complaint seeks attorneys' fees and costs but denies that they are entitled to them.

## FIRST CLAIM FOR RELIEF

### Disability Discrimination – ORS 659A.112

40.     In response to Paragraph 40, adidas incorporates its responses to Paragraphs 1 through 39 by reference as though fully set forth herein.

41.     The allegations contained in Paragraph 41 are legal conclusions to which no response is required.  To the extent a response is required, adidas denies the allegations in Paragraph 41.

42.     The allegations contained in Paragraph 42 are legal conclusions to which no response is required.  To the extent a response is required, adidas denies the allegations in Paragraph 42.

4923-4967-4068v.3 0069008-000004

DAVIS WRIGHT TREMAINE LLP
560 SW 10th Avenue, Suite 700
Portland, Oregon 97205
(503) 241-2300 main · (503) 778-5299 fax

43.     The allegations contained in Paragraph 43 are legal conclusions to which no response is required.  To the extent a response is required, adidas denies the allegations in Paragraph 43.

44.     adidas denies the allegations in Paragraph 44.

45.     adidas denies the allegations in Paragraph 45.

## SECOND CLAIM FOR RELIEF

### Medical Leave Interference – ORS 659A.183

46.     In response to Paragraph 46, adidas incorporates its responses to Paragraphs 1 through 39 by reference as though fully set forth herein.

47.     The allegations contained in Paragraph 47 are legal conclusions to which no response is required.  To the extent a response is required, adidas denies the allegations in Paragraph 47.

48.     The allegations contained in Paragraph 48 are legal conclusions to which no response is required.  To the extent a response is required, adidas denies the allegations in Paragraph 48.

49.     adidas denies the allegations in Paragraph 49.

### Medical Leave Interference and Retaliation – 29 U.S.C. §2611 et seq.

50.     In response to Paragraph 50, adidas incorporates its responses to Paragraphs 1 through 39 by reference as though fully set forth herein.

51.     The allegations contained in Paragraph 51 are legal conclusions to which no response is required.  To the extent a response is required, adidas denies the allegations in Paragraph 51.

52.     The allegations contained in Paragraph 52 are legal conclusions to which no response is required.  To the extent a response is required, adidas denies the allegations in Paragraph 52.

53.     The allegations contained in Paragraph 53 are legal conclusions to which no

4923-4967-4068v.3 0069008-000004

DAVIS WRIGHT TREMAINE LLP
560 SW 10th Avenue, Suite 700
Portland, Oregon 97205
(503) 241-2300 main · (503) 778-5299 fax

response is required.  To the extent a response is required, adidas denies the allegations in Paragraph 53.

54.     adidas denies the allegations in Paragraph 54.

55.     adidas denies the allegations in Paragraph 55.

## THIRD CLAIM FOR RELIEF

## Wrongful Discharge

56.     In response to Paragraph 56, adidas incorporates its responses to Paragraphs 1 through 11, 20 through 35, and 46 through 55 by reference as though fully set forth herein.

57.     The allegations contained in Paragraph 57 are legal conclusions to which no response is required.  To the extent a response is required, adidas denies the allegations in Paragraph 57.

58.     The allegations contained in Paragraph 58 are legal conclusions to which no response is required.  To the extent a response is required, adidas denies the allegations in Paragraph 58.

59.     The remainder of Plaintiff's First Amended Complaint contains a prayer for relief to which no response is required.  To the extent a response is required, adidas denies that Plaintiff is entitled to any relief sought.

60.     Except as expressly admitted, adidas denies each and every allegation of Plaintiff's First Amended Complaint and the whole thereof.

## ATTORNEY FEES AND COSTS

61.     adidas seeks its attorney fees and costs pursuant to the extent Plaintiff is unreasonable in pursuit of their claims, pursues meritless, unfounded or otherwise unreasonable claims including those lacking an objectively reasonable basis, and to the full extent provided by law.

## AFFIRMATIVE AND OTHER DEFENSES

62.     By alleging the separate and additional defenses set forth below, adidas in no way

4923-4967-4068v.3 0069008-000004

DAVIS WRIGHT TREMAINE LLP
560 SW 10th Avenue, Suite 700
Portland, Oregon 97205
(503) 241-2300 main · (503) 778-5299 fax

concedes or agrees that adidas has the burden of proof or burden of persuasion beyond that provided by law. adidas expressly reserves the right to amend with different or additional defenses or affirmative defenses as it learns new facts or if Plaintiff alleges new claims. For further answer by way of additional or affirmative defenses, adidas alleges:

### FIRST DEFENSE
### (Failure to State a Claim)

63.     Plaintiff's claims for relief fail to state a claim upon which relief may be granted.

### SECOND DEFENSE
### (Statute of Limitations)

64.     Some or all of the alleged conduct is barred by the applicable statute of limitations.

### THIRD DEFENSE
### (Failure to Mitigate)

65.     Without conceding that Plaintiff has suffered any damages as a result of any alleged wrongdoing by adidas, Plaintiff has failed to mitigate Plaintiff's damages.

### FOURTH DEFENSE
### (Unclean Hands)

66.     Plaintiff's claims for relief are barred in whole or in part by the doctrine of unclean hands.

### FIFTH DEFENSE
### (Reservation of Rights)

67.     adidas reserves its right to amend as provided by the Federal Rules of Civil Procedure and this Court, including but not limited to a right to move the Court to amend its answer in order to assert additional defenses as may become known to it during the course of discovery and litigation.

4923-4967-4068v.3 0069008-000004

DAVIS WRIGHT TREMAINE LLP
560 SW 10th Avenue, Suite 700
Portland, Oregon 97205
(503) 241-2300 main · (503) 778-5299 fax

WHEREFORE, adidas prays as follows:

A.      Plaintiff's First Amended Complaint be dismissed with prejudice and Plaintiff recover nothing from this action;

B.      adidas be awarded its reasonable costs and fees incurred in defending against Plaintiff's First Amended Complaint; and

C.      For such further relief as can be provided by the Court.

DATED this 15th day of July, 2025.

DAVIS WRIGHT TREMAINE LLP


By: _s/ Sarah Ames Benedict_____
        Sarah Ames Benedict, OSB #132675
        sarahbenedict@dwt.com
        Jandee Wallis, OSB #244454
        jandeewallis@dwt.com
        Telephone:  503.241.2300
        Facsimile:  503.778.5299

        Of Attorneys for Defendant

4923-4967-4068v.3 0069008-000004

DAVIS WRIGHT TREMAINE LLP
560 SW 10th Avenue, Suite 700
Portland, Oregon 97205
(503) 241-2300 main · (503) 778-5299 fax